IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-10886

———————————

CARYN M. VOSKUIL,

Plaintiff-Appellant,

v.

ENVIRONMENTAL HEALTH CENTER-DALLAS, INC.; ET AL.,

Defendants,

ENVIRONMENTAL HEALTH CENTER-DALLAS, INC.,

Defendant-Appellee.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
3:96-CV-683-L

———————————————————————

June 19, 2000

Before JONES and BENAVIDES, Circuit Judges, and WALTER[*], District
Judge.

PER CURIAM:[**]

Appellant Caryn M. Voskuil ("Voskuil") appeals the dismissal

with prejudice of her Title VII sexual harassment suit.  The

dispute which culminated in the dismissal arose when appellee

Environmental Health Center-Dallas ("EHC-D") requested—and

_____

[*]     District Judge of the Western District of Louisiana,
sitting by designation.
     [**]     Pursuant to 5TH Cir. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

Voskuil refused to produce—the records of Voskuil's treatment for depression with Dr. Margie McKeon, a psychologist, and Dr. Jerome Statman, a psychiatrist. Both parties agreed that the records were privileged material, but EHC-D maintained that Voskuil had waived the privilege based on her request for damages for emotional distress and injury that extended to suicidal thoughts and believing that her life was not worth living. On July 2, 1998, the magistrate judge agreed with EHC-D and ordered Voskuil to produce the documents. The district court overruled Voskuil's objections to the magistrate judge's ruling and subsequently denied her motion for reconsideration.

After Voskuil refused to comply with the magistrate judge's order, the district court held a contempt hearing on April 23, 1999. At the hearing, Voskuil's counsel conceded that she had flouted the court's order; Voskuil indicated that she endorsed her counsel's conduct. Upon questioning by the court, however, Voskuil agreed that she would produce the medical records if their disclosure was reasonably limited.

In its June 11, 1999 ruling on the contempt motion, the district court imposed monetary sanctions and ordered Voskuil to produce the medical records. However, the district court also established certain limitations on who could obtain access to the records and for what purposes the records could be used. Finally, the district court warned that if Voskuil neglected to comply with its mandate, it would dismiss her case with

2

prejudice.

On June 30, 1999, after Voskuil once again failed to produce the documents by the court-imposed deadline, the district court dismissed Voskuil's case with prejudice after finding that such action was the only effective sanction under the circumstances.

We hold that the district court did not abuse its discretion in so doing. Though Voskuil now argues that the magistrate judge allowed no limitations on the disclosure of this sensitive material, the record reveals that Voskuil never requested any such reasonable limitations on the disclosure of the records before the magistrate judge. The issue of reasonable limitations did arise at the contempt hearing when the district court suggested it. Having agreed to release the medical records with the protection of the limitations set forth in the district court's June 11, 1999 order, and having been warned that continued failure to produce the records would lead to a dismissal with prejudice, Voskuil cannot now complain that the sanction was an abuse of discretion. She twice intentionally disregarded court orders, misrepresented her future course of conduct to the district court, failed to pay the monetary sanctions that were a lesser punishment for her contempt, and knew the consequences of her actions would be the demise of her suit. In this context, we cannot say that the district court abused its discretion in dismissing the case with prejudice.

AFFIRMED

3